**SCHAAF, d. b. a. HILLTOP-WESTGATE REALTY, Plaintiff-Appellee, v. IBA, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5259. Decided December 5, 1955.

Phillip V. Stout, Robert W. Phillips, Columbus, for plaintiff-appellee.
Lewis F. Byers, Alfred J. Henney, Columbus, for defendant-appellant.

(FESS, J, of the Sixth District; NICHOLS, PJ, and GRIFFITH, J, of the Seventh District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

Appeal on questions of law from a judgment of the Municipal Court of Columbus, Ohio, for plaintiff in the sum of $575.00.

Plaintiff brought his action against defendant for recovery of broker's commission, claiming that pursuant to an agreement he had produced a purchaser who was ready, willing and able to purchase defendant's residence. Defendant filed a cross-petition for damages alleged to have

been incurred by reason of the recording of the purchase agreement entered into between defendant and the purchaser.

The principal question arising upon a review of the record is whether the purchaser was able to purchase defendant's premises for cash in the sum of $11,500.00, "subject to the premises being able to bear an $8700.00 loan." The purchaser testified that he was willing and able to purchase the premises in accordance with the terms of the contract, by reason of having secured a loan from his bank in Brilliant, Ohio. He did not indicate, however, the amount of such loan and whether he had otherwise arranged to finance an $8700.00 loan, nor was his testimony corroborated by the banker from whom he expected to obtain the loan.

Testimony on behalf of the defendant tended to show that the purchaser requested the opportunity to assume a GI loan which defendant had upon his property and that defendant refused on the ground that he was purchasing another home, incident to which he desired to refinance his GI loan, and that the deal was not consummated by reason of the fact that the purchaser insisted upon taking the property subject to the GI loan.

The evidence fails to disclose that any tender of the purchase price in the sum of $11,500.00 was ever made by such purchaser.

A prospective buyer meets the legal standard of "ready, willing and able" to buy, although he does not have the cash on hand, if he is able to command the necessary funds to complete the purchase within the time allowed by the offer. **Frick v. Baetzel, 71 Oh Ap 301,** holding that the broker failed to meet the burden of proof.

Proof of "ability to buy" is established where the evidence shows that the purchaser had sufficient available assets by which she was able to command the necessary money and had arranged a loan by which she would have been able to consummate the deal on the date stipulated. **Walton v. Hudson, 82 Oh Ap 330.** In that case, the officer of the bank testified that the loan had been granted. In the instant case, the buyer said he was able and that the bank had approved the loan, but this is not corroborated by the bank. The amount of such loan is not disclosed, or other available assets of the purchaser. Defendant testified that the buyer kept talking about assuming the GI loan. Another broker, who also had a listing of defendant's property for sale, testified that plaintiff's salesman had told him the deal was going to fall through because the buyer wanted to assume the loan on the seller's home.

We therefore reach the conclusion that the finding and judgment is manifestly against the weight of the evidence, and that the cause should be remanded to the Municipal Court for a new trial.

The cross-petition smacks somewhat of malicious prosecution. Plaintiff recorded the purchase agreement which defendant says required him to spend money incident to an action to quiet title and to make a payment to the purchaser to release the purchase agreement. The judgment against defendant on the cross-petition should be affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.